LHT.

FILED ASHEVILLE 2002 NOV -1 AM 11:40 W. DIST. OF N.C.

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE WESTERN DISTRICT OF N.C.

NORTH CAROLINA

ASHEVILLE DIVISION

| | |
|---|---|
| Edward Wahler and Kathy Wahler, | Case No.: No. ~~12-3-456789-1~~ 01: 02MC 54 |
| Plaintiff, | Summary of Authorities |
| vs. | |
| THE U.S. INTERNAL REVENUE SERVICE; ASHEVILLE JET; ACCENT ON DESIGN, INC. a/k/a AXIOM COMPANY; YENOM GROUP, INC.; ROY E. CARTER; AMERICA'S WHOLESALE LENDER; FULL SPECTRUM LENDING, INC.; LIFE BANK; AND BANK ONE, N.A., | |
| Defendant | |

Wahler hereby files the Summary of Authorities in support of his request that the court mitigates sanctions under Rule 11 or determines that sanctions are not warranted in this case.

1) In <u>Photocircuits Corp. v. Maraton</u> Agents, Inc. 162 F.R.D. 449 (E.D.N.Y. 1995), the court found that "the central goal of Rule 11 sanctions is the deterrence of baseless filings and the curbing of abuses," and "a district court should not impose sanctions so as to chill creativity or stifle enthusiasm or advocacy," and therefore "the primary principle in imposing sanctions is that the sanctions should not be more severe than reasonably necessary to deter repetition of the conduct by the offending person or comparable conduct by similarly situation persons."

Wahler made every effort to cure the conduct himself once he had uncovered the facts necessary to do so. Even with the additional research into the applicability of Rule 11

-1-

sanctions in this case, Wahler is still at a loss for how to have handled this case differently until the IRS date error was uncovered.

2) The court ruled in <u>Thomas v. Treasury Management Association, Inc.</u>, 158 F.R.D. 364 (D. Md. 1994) that "counsel and/or pro se litigants are required to communicate with one another to anticipate and attempt to resolve pleadings and discovery differences before they occasion the need to consider sanctions. In particular, a party who objects to a pleading, motion or paper has an obligation to send notice to his or her opponent giving the opponent an opportunity to withdraw the offending item. If the pleading is withdrawn in timely fashion, the matter is at end and sanction becomes unavailable; a 'safe harbor' is provided."

The unusual circumstances in the present case were that the plaintiff had a duty to communicate with the court to uncover the truth with respect to the matters confused by the improperly dated summons. Wahler is unaware of any form of communication to which he could avail himself with the court other than the filing of additional pleadings until such time as the error was uncovered. By going beyond the standard of reasonable inquiry, (Wahler made two trips to the clerks office) Wahler was able to discover the error that was the source of the confusion and promptly withdrew the offending pleadings and therefore sanctions are unwarranted under the "safe harbor" provision provided under Rule 11 as amended in 1993.

The Court concurs with the plaintiff in <u>Thomas</u>, *supra*:" as plaintiff correctly points out, however, the aim of Rule 11, as amended effective December 1, 1993, was to 'remedy problems that have arisen in the interpretation and application of the 1983 revision of the rule.' The revision places 'greater constraints on the imposition of sanctions and should reduce the number of motions for sanction presented in court.'" With respect to the "safe harbor" provision in Rule 11, the courts opinion continues, "As the Notes to the 1993

Amendment emphasize, the 21-day waiting period before filing a motion for sanctions is a prerequisite:

> If, during this period, the alleged violation is corrected, as by withdrawing (whether formally or informally) some allegation or contention, the motion should be filed with the court. These provisions are intended to provide a type of "safe harbor" against motions under Rule 11 in that a party will not be subject to sanctions on the basis of another party's motion unless, after receiving the motion, it refuses to withdraw that position or to acknowledge candidly that it does not currently have evidence to support a specified allegation."

Wahler did indeed admit candidly that the allegations made could not be supported once the IRS' error was discovered and withdrew the offending pleading in a timely fashion.

3) In Griggs v. BIC Corp., 844 F. Supp 190 (M.D. Pa 1994), the court addressed the issue of good faith inquiry and confusion in the facts at hand by stating "That Rule holds (Rule 11) that any court document signed by an attorney carries with it his assurance that after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law." Further the court stated the standard for assessing sanctions "is an objective one: whether a reasonable attorney would have acted in a particular way." Wahler submits to this court that with the undiscovered error in this case, a reasonable attorney would have acted in this exact particular way, and in fact two other men learned in matters of the law reviewed the same facts and came to the same conclusion. Therefore, sanctions are unwarranted in this case since reasonable inquiry was made and other reasonable parties would have acted in the particular way the plaintiff acted.

4) With respect to pro se litigants the court has determined that for Rule 11 purposes, a party's level of legal sophistication is a factor in evaluating pleadings by non-lawyers, for

-3-
Case 1:02-mc-00054-LHT   Document 14   Filed 11/01/02   Page 3 of 7

purposes of application of Rule 11 <u>Soling v. New York State</u>, 804 F. Supp 532 (S.D.N.Y. 1992). The court's opinion states, " This Rule is applicable to parties as well as counsel, but the party's level of legal sophistication is a factor in evaluating pleadings by nonlawyers." The current case before the Court is Wahler's first pro se litigation. Wahler admits that he has made mistakes and does not wish to impose a hardship upon the court relative to his learning curve in this case, however, Wahler did follow the procedures of this court. This case is highly unusual as a result of the nefarious and subtle nature of the date error on the IRS form, and it would appear logical that the highly unusual actions the plaintiff took in filing an additional second motion for new trial or amended judgment was warranted lacking any other way to communicate with the Court to learn the source of the confusion regarding the source of documents and their respective dates.

5) In <u>Reinert v. O'Brien</u>, 805 F. Supp 576 (N.D.Ill 1992), the court stated " It is settled in law that allegations within a *pro se* complaint, 'however inartfully pleaded [are held] to less stringent standards than formal pleadings drafted by lawyers." The court added, "There can be no doubt that Reinhert's complaint is not well grounded in fact or existing law. Nonetheless, given Reinert's status as a pro se plaintiff, we do not believe sanctions are warranted." Quoting from the R.Civ.P 11 advisory committee note (1983 amendment) the court included in its opinion the following " Although the standard is the same for unrepresented parties, who are obliged themselves to sign the pleadings, the court has sufficient discretion to take account of the special circumstances that often arise in pro se situations." In the case presently before the court, the undetected errors by the IRS in this case made the facts appear to be other than frivolous. Wahler holds himself to a very high standard, and is deeply humbled for not catching the error on the IRS summons, however, this case certainly rises to the level of one of those "special circumstances that often arise

in pro se situations." Under these special circumstances, it would appear no sanctions are warranted.

6) In <u>Taylor v. Taylor</u>, 138 F.R.D. 614 (S.D. Ga 1991), the court once again noted the standard for pro se litigants and the court ruled that pro se litigants would be subject to Rule 11 sanctions only in cases where the duty to perform a reasonable inquiry have not been met. Wahler has far exceeded the reasonable inquiry standard.

7) Particularly germane to this case is <u>Smith v. Our Lady of the Lake Hospital</u>, 960 F. 2d 439; (US 5th Cir. Ap) where the court stated that Rule 11 sanctions may not be imposed where signing attorney has conducted reasonable inquiry into relevant law and legal argument is based upon good-faith argument for extension, modification, or reversal of existing law. Further, the court ruled that to comply with his duties under Rule 11, attorney does not provide absolute guarantee of correctness of legal theory advanced in papers he files, rather, attorney must certify that he has conducted reasonable inquiry into relevant law.

Finally, the court said in determining whether party has complied with Rule 11, party should be given some leeway in making allegations about matters which cannot be ascertained easily from extrinsic evidence so long as lawyer's investigation is otherwise reasonable. Wahler has demonstrated that he took steps beyond reasonable inquiry to determine the cause of the confusion surrounding Wahler's and the Court's differing opinions on the merits of this case. Even with the benefit of hindsight Wahler is unaware of any way in which this could have been handled differently.

In each of these cases (and many more that Wahler sees no reason to further burden this court with presenting) the relevant facts of these cases support the plaintiffs assertion that sanctions either be highly mitigated or are unwarranted, with the preponderance of the citation supporting no sanctions. Wahler met the criteria for performance under Rule 11 and therefore Wahler's

-5-

actions on his own behalf to properly address the confusing set of circumstances surrounding this case as a result of the original error by the IRS were both proper and warranted.

8) We have the worlds best legal system by far. Thomas Jefferson said that vigilance is the key to freedom, meaning that citizen's need to assert their rights in court. Rule 11 should not be used to damper the citizens involvement in the legal process, even though in this case the citizen might have made errors that served to compound an error made previously by the IRS. Wahler did use clear, concise and unambiguous language. A harsh sanction under Rule 11 would tend to destroy this candid exchange of ideas.

In Bob Plimpton's case on Wednesday, September 30, the Court's treatment of a pro se litigant was fair, impartial and allowed the *pro se* petitioner to address the court with the facts as he saw them. Wahler, who has taken time to study procedures of the court intends to make a correct presentation at any hearing

Wahler should have seen the date error on the one of 16 IRS summons. However, when the first order to dismiss included what appeared to be 9 summons or more correctly 9 parties to summonses, this logically lead Wahler down a evidentiary path that was difficult to deviate from until later evidence was conclusive in another direction. Twenty-five years of training as an engineer and scientist may have something to do with this.

9) The Court should also be aware that Wahler has filed tax returns and paid all taxes currently due and demanded by the IRS. Wahler and his former company, Continuum Technology Corporation, which employed up to 85 people in Fletcher, NC was audited for 1993, 1994, 1995. Wahler is now being audited for 1997 through 2000. In previous audits the IRS did not find any fault with the returns of Wahler or his Company. Neither Wahler nor his company was ever found to owe one additional cent. Wahler intends to vigorously contest the IRS audit because of Wahler's contention that the current audits are a severe form of harassment and Wahler has already presented to the IRS substantive

-6-
Case 1:02-mc-00054-LHT   Document 14   Filed 11/01/02   Page 6 of 7

evidence of all expenses declared on his returns and that further intrusion into Wahler's personal matters is unwarranted and a clear abuse of the immense power of this extra-governmental body.

10) In <u>Faber v. United States</u>, 921 F.2d 1118, 1119 (10th Cir. 1990) which is referenced in this courts Order to dismiss dated September 30, 2002, the court upheld that the date a summons is mailed serves as the date of official notice. Since the IRS mailed all of the summonses included in Wahler's original petition to quash, filed September 11, 2002, on or about August 29, 2002 or September 5, 2002, the 20 time period for all 16 summons had not expired. Therefore, the error committed by the IRS has no basis in determining whether the 20-day time period has expired. In the present case it had not. Wahler also mailed via certified mail or delivered by personal service a copy of the complaint to each defendant within the 20-day time period as evidenced by the affidavits filed with the clerk of court.

Wahler appreciates this Court's sincere consideration of this case and looks forward to seeing justice served.

Certificate of Service: I do hereby certify that on this date I sent a copy properly to opposing counsel of this pleading.

Date: 11-1-2002

*[signature]*

Edward Wahler
1120 Cane Creek Road
Fletcher, NC 28732
828-684-3365